**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Victor W. DUNGAN, Respondent.**

Supreme Court of Kentucky.

July 3, 1979.

Rehearing Denied Aug. 21, 1979.

Leslie G. Whitmer, Director, Michael M. Hooper, Asst. Director, Kentucky Bar Association, Frankfort, for complainant.

John Tim McCall, Louisville, for respondent.

PER CURIAM.

The factual context for this disciplinary proceeding against Victor W. Dungan, a licensed attorney of the Kentucky Bar, is as follows.

On August 15, 1977, Dungan was visited in his law office by Mrs. Antonia Krueger, who informed Dungan that he had been appointed public defender for her son, Richard Krueger, who was facing two criminal charges in Bullitt County Court. Mrs. Krueger had in her possession a cashier's check in the amount of $1,000.

According to Mrs. Krueger, Dungan took the check, keeping $500 as an attorney's fee and the balance to defray anticipated court costs. Dungan, on the other hand, maintains that he retained $300 for potential court costs and returned $700 in cash (which he had on hand following a vacation) to Mrs. Krueger. In any event, Dungan deposited the check in his escrow account that day.

Dungan represented Richard Krueger at a preliminary hearing around noon the following day (August 16), during which he informed the court that Mrs. Krueger had deposited $300 with him to cover fines and costs. County Attorney Chester Porter represented the Commonwealth. Richard was fined and his sentence suspended. At the close of the hearing Dungan moved to be removed as public defender in order to be retained as counsel. Bullitt County Judge Arson Moore denied the motion on the grounds that the case had already been disposed of. Dungan paid the fine and court costs amounting to $159 with a check (No. 233) from his escrow account and wrote Mrs. Krueger a check (No. 234) for $141. Dungan wrote a third check (No. 235) from the escrow account to himself for $700, with the notation "refund of personal funds." That check, dated August 15, was not deposited until August 22.

Based on information given by Mrs. Krueger to Judge Moore and County Attorney Porter prior to the preliminary hearing, Mrs. Krueger signed a warrant (prepared by Porter) against Dungan on the afternoon of August 16 for violation of KRS 31.250, which prohibits charging a fee while representing an indigent defendant. The Bullitt County Grand Jury, however, did not return an indictment against Dungan for the offense.

Dungan was subsequently charged by the Inquiry Tribunal on two counts of engaging in unethical and unprofessional conduct. Count I charged that Dungan had been appointed public defender for Richard

Krueger, that he charged a $500 attorney's fee, and that he failed to return $700 of the $1,000 given to him by Mrs. Krueger. (DR 1–102(A)(3)–(6); DR 2–106(A)). Count II charged that during the preliminary hearing Dungan falsely stated to the court that he had retained only $300 from Mrs. Krueger to pay possible fines and costs (DR 7–102(A)(5)).

The trial commissioner, after a hearing, made findings of fact that Dungan did not return the $700 and that he made a false statement to the Bullitt County Court and found Dungan guilty on both counts.

Having reviewed the record, this court is of the opinion that the findings and conclusions of the trial commissioner and the Board of Governors are supported by a preponderance of the evidence and that the unanimous recommendation of permanent disbarment should be adopted. It is significant that Dungan failed to produce a receipt from Mrs. Krueger for a cash transaction involving an amount as large as $700. In addition, Dungan deposited Mrs. Krueger's check in his escrow account on August 15, the same date he allegedly wrote a $700 escrow check to himself to refund the cash he had given Mrs. Krueger earlier. The latter check was not deposited until August 22, however, and Dungan's explanation that he carried it in his wallet for a week stretches credibility. And, unlike Dungan, Mrs. Krueger had no reason to fabricate her story.

The respondent, Victor M. Dungan, is disbarred from the practice of law in this Commonwealth, and ordered to pay the costs incurred in this proceeding as directed by SCR 3.450. The respondent shall comply with the provision of SCR 3.390.

All concur.